

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00423-CV

CHASE HOME FINANCE, LLC                                                APPELLANT

V.

SFTF HOLDINGS, LLC                                                       APPELLEE

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is a restricted appeal from a default judgment rendered against Appellant Chase Home Finance, LLC (Chase). Appellee SFTF Holdings, LLC (SFTF) filed suit in April 2010 seeking to remove an alleged cloud on the title to real property located in Fort Worth, Texas (the Property). Chase did not answer the lawsuit, and the trial court granted a default judgment for SFTF on June 9,

---

[1]*See* Tex. R. App. P. 47.4.

2010, declaring that Chase's interest in the Property was extinguished and that SFTF was the owner of the Property. The trial court also awarded attorney's fees to SFTF. Chase thereafter filed notice of this restricted appeal.

In two issues, Chase contends that the trial court erred by adjudicating title to the Property under the Declaratory Judgments Act without requiring SFTF to plead the elements required by the trespass-to-try-title statute and by entering the default judgment awarding free and clear title to SFTF without requiring SFTF to plead facts evidencing its clear and superior title. In its brief, SFTF concedes error as to Chase's second issue and agrees that the case must be remanded for a new trial because its original petition did not contain any allegation that it has a "superior interest in the Property."

We have reviewed SFTF's original petition and agree with the parties that it contains no allegation that SFTF has a superior interest in the Property. *See Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (listing "superior title out of a common source" as one way to prevail in a trespass-to-try-title case and stating that the pleading rules in such cases "are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title"). We therefore sustain Chase's second issue, reverse the trial court's judgment, and remand the case to the trial court for a new trial. *See* Tex. R. App. P. 43.2(d); *see also Smith v. Law Office of Dale A. Burrows, P.C.*, No. 02-10-00112-CV, 2010 WL 4056229, at *1 (Tex. App.—Fort Worth Oct. 14, 2010,

no pet.) (mem. op.) (reversing and remanding after the appellee agreed to the relief sought by the appellant).

PER CURIAM

PANEL:  GARDNER, DAUPHINOT, and GABRIEL, JJ.

DELIVERED:  July 14, 2011